Lauriat, J.
In this bitterly contested civil action, the defendant, Elaine Whitfield Sharp[1] (“Sharp”), seeks to obtain any and all records of the Department of the Massachusetts State Police (“the Department") that “identify Elaine Whitfield Sharp,” that “can be associated with Elaine Whitfield Sharp,” and/or which are identified in a five-page document entitled “Department of State Police — Privilege Log Documents To Which Objection Has Been Made In Response To Plaintiffs Subpoena,” which was submitted to Sharp’s attorney in the case of Elaine Whitfield Sharp v. Col. Reed Hillman, Lt. Brian Mulhern, Tpr. Randy Cipoletta, John Does, and the Massachusetts State Police, Suffolk Superior Court Civil Action No. 99-144-G.[2]
PROCEDURAL HISTORY
On December 27, 2000, Sharp served the Department, a non-party witness in the present action, with a subpoena duces tecum to appear at a deposition on January 2, 2001, and to produce at that deposition any and all records that “identify Elaine Whitfield Sharp,” that "can be associated with Elaine Whitfield Sharp,” and/or which are identified in a five-page document entitled “Department of State Police — Privilege Log Documents To Which Objection Has Been Made In Response To Plaintiffs Subpoena,” Elaine Whitfield Sharp v. Col. Reed Hillman, Lt. Brian Mulhern, Tpr. Randy Cipoletta, John Does, and the Massachusetts State Police, Suffolk Superior Court Civil Action No. 99-144-G. On December 28, 2000, in response to the subpoena and pursuant to Mass.R.Civ.P. 45(d)(1), the Department sent to Sharp its written objections to the subpoena.
On March 6, 2001, Sharp served on the Department the Defendants’ Motion To Compel Production Of Records From The Massachusetts State Police. On March 22, 2001, Sharp filed that motion with the court together with a statement made pursuant to Superior Court Rule 9A that “No opposition to the motion has been timely received from any party, including the Massachusetts State Police as of the end of business on March 21, 2001.” On March 31, 2001, the court (Fremont-Smith, J.) endorsed on the motion to compel “Allowed (no opposition).”
On April 2, 2001, the Department filed with the court the Massachusetts Department of the State Police’s Motion To Quash Defendant’s Subpoena For Records And Opposition To Motion To Compel. On April 26, 2001, the Department filed with the court an Emergency Motion To Reconsider Allowance Of Motion To Compel Production Of Documents From The Massachusetts State Police And Motion For Protective Order. On April 26, 2001, the court (Fremont-Smith, J.) ordered that the “Deposition scheduled for Friday, April 27, 2001 is stayed pending hearing on Mass. Dept, of State Police [Motion] to Quash.”
On July 24, 2001, the court (Lauriat, J.) heard the arguments of counsel on the pending motions, and thereafter received supplemental written materials and arguments from the parties.[3]
DISCUSSION
I.
At the outset, Sharp contends that the court is without authority to hear the Department’s motions because its motion for reconsideration was not filed within 10 days of the court’s Order of March 31, 2001, *484 allowing Sharp’s motion to compel production of documents by the Department. The court disagrees. In support of her argument, Sharp cites and relies upon Mass.R.Civ.P. 59(e), which provides that “[a] motion to alter or amend the judgment shall be served no later than 10 days after the entry of judgment.” Sharp also relies upon the Reporter’s Notes — 1973 to that Rule, which state that
Rule 59(e) encompasses many motions seeking relief of a type which technically might not be considered a motion for a new trial; for example, a motion for rehearing, reconsideration or vacation . . .
The significance of a motion under Rule 59(e) is that such a motion stops the appeal clock . . .
However, Rule 59(e) is clearly inapplicable to the Department’s present motion for reconsideration, since the motion does not seek a new trial or to amend a judgment, and since there is no appeal period applicable to the court’s order of March 31, 2001. Rather, the present motion for reconsideration has been filed pursuant to Superior Court Rule 9D, which is silent as to the time period within which such a motion must or should be brought. And although the Department’s motion for reconsideration was not filed until 27 days after the court’s order of March 31, 2001, this court does not consider that period to be unreasonable under the circumstances.[4] Nor has Sharp made any showing of any prejudice that has resulted from the timing of the Department’s filing of its motion.[5] Accordingly, the Department’s Emergency Motion To Reconsider Allowance Of Motion To Compel Production Of Documents From The Massachusetts State Police is allowed.
II.
The conduct and scope of discovery is within the sound discretion of the trial judge. Solimene v. B. Grauel & Co., 399 Mass 790, 799 (1987). In the present case, Sharp’s subpoena duces tecum to the Department is, on its face, unduly vague and over broad. It is without limit as to time, even though the underlying action involves an identifiable incident which occurred on May 22, 1998, and its aftermath. The subpoena is not limited in scope to matters that are relevant to the subject matter involved in the pending action or information that is reasonably calculated to lead to the discovery of admissible evidence. Mass.R.Civ.P. 26(b)(1). On this basis alone, Sharp’s motion to compel production of documents by the Department must be denied.
Moreover, Sharp has included in the subpoena duces tecum a demand for certain documents sought in a separate civil action to which Sharp is a party that the Department has already asserted are privileged and protected from disclosure. Elaine Whitfield Sharp v. Col. Reed Hillman, Lt. Brian Mulhern, Tpr. Randy Cipoletta, John Does, and the Massachusetts State Police, Suffolk Superior Court Civil Action No. 99-144-G. In that action, Sharp sought via a subpoena duces tecum the same array of documents from the Department that she seeks here, although the Department was a party in that action. The Department there, as here, responded with an objection that the documents being sought were privileged, and it provided Sharp with a list of those allegedly privileged documents on September 12, 2000. A review of the file and docket entries in that action does not show that Sharp thereafter sought to compel production of those documents from the Department, although that action is apparently still pending. Instead, Sharp has sought and has now moved to compel production of those very same documents in the present action.
Sharp’s proverbial “second bite at the apple” must be rejected, lest the courts be unfairly required to address an identical issue in two separate but related pending actions. This, in turn, could lead to judge-shopping, as well as to inconsistent decisions and orders. Sharp has also not submitted any explanation as to why she has not moved to compel production of the subject documents in her earlier-filed action.
Under these circumstances, the Defendants’ Motion to Compel Production of Records From The Massachusetts State Police is denied without prejudice to Sharp serving upon the Department a more narrowly tailored request for documents which are relevant to the issues in the present case or which may reasonably lead to the discovery of admissible evidence. The Department’s Motion For A Protective Order is allowed, again without prejudice.
III.
The court adds a caveat, however, to its present decisions. The “Department of the State Police — Privilege Log Documents to which Objection has been made in Response to Plaintiffs Subpoena” includes, identifies and describes a number of documents which cannot, under any interpretation, be considered privileged or protected from disclosure in this case. See, for example, “4. Media Advisory from the Office of Whitfield Sharp & Sharp dated May 27, 1998,” “7. Manufacturer's informational pamphlet on Fiorinal,” “11. Court documents from the Lynn District Court,” “38. Copy of Mass. General Laws Chapter 138 Section 63,” and “41. Letter from Elaine Whitfield Sharp dated August 20, 1998 to Colonel Reed V. Hillman.”
The Department’s determination to assert a blanket objection to production of all documents in its file is irresponsible and inconsistent with the obligations imposed upon parties and witnesses in connection with discovery in civil actions. If this matter should return to this court for further attention, and if it then appears that the Department has again asserted an objection to production of documents to which no objection can fairly be raised, the defendant may move for, and the court may order, financial sanctions against the Department and/or its attorneys for each document improperly withheld from production.
*485 ORDER
For the foregoing reasons, the Department’s Emergency Motion To Reconsider Allowance Of Motion To Compel Production Of Documents From The Massachusetts State Police is ALLOWED. The Defendants’ Motion to Compel Production of Records From The Massachusetts State Police is DENIED without prejudice. The Department’s Motion For A Protective Order is ALLOWED without prejudice.

 Co-defendant Daniel Sharp was dismissed from this action by an order of the court dated February 26, 2001.

 It appears from the docket entries that although this action is pending in the Suffolk Superior Court, it is also the subject of a pending appeal in the Appeals Court.

 Judge Thayer Fremont-Smith retired from the Superior Court on or about June 15, 2001.

 The docket in this action shows that notice of Judge Fremont-Smith’s Order of March 31, 2001 were not sent by the clerk until April 27, 2001. This fact suggests that if anything, the Department’s motion for reconsideration may have been premature rather than tardy.

 The court also notes, without comment, that on October 10, 2000, in Suffolk Civil Action No. 99-144-G, counsel for Sharp filed a motion for reconsideration of a decision made by the court on November 1, 1999, more than 340 days earlier.